(No. 2768, Jan. 17, 1924)

MARQUEZ et al. v. GONZALES et al.

SYLLABUS BY REPORTER

1. In an election contest, statements of counsel are mere declarations of opinion upon matters of law, and do not determine, in any way, whether the notice of contest stated a cause of action.

2. In an election contest, there being no answer in the cause, it was the duty of the court to act upon the complaint as if the facts therein stated were all true, and to render such judgment thereon as the law requires.

Appeal from District Court, Guadalupe County; Leahy, Judge.

Election contest by David Marquez and another against Cleodio Gonzales and another. From a judgment dismissing the notice of contest, contestants appeal. Reversed and remanded, with instructions.

F. Faircloth, of Santa Rosa, for appellants.

OPINION OF THE COURT

PARKER, C. J. Following an election for school directors in school district No. 3, Guadalupe county, an election contest was instituted. The notice of contest was duly served, and an answer thereto was filed in the cause, but was not served upon the contestees, as required by the statute. Thereupon the contestants moved the court to strike from the files the answer, which was accordingly done. Thereupon the contestees moved the court to dismiss the contest, upon the ground that the attorney for the contestants stated that the election was not held in conformity with chaper 89, Laws of 1917, and that said attorney fur-

ther stated that said chapter governed the election, and that said attorney further stated that the election was an illegal election. The court thereupon dismissed the notice of contest, from which judgment this appeal was taken.

[**1, 2**] It is a little difficult to understand the theory upon which the action of the court was taken. The statements of counsel were mere declarations of opinion upon matters of law, and did not determine, in any way, whether the notice of contest stated a cause of action. The action taken evidently resulted from a misapprehension of the principles governing the matter. There being no answer in the cause, it was the duty of the court to act upon the complaint as if the facts therein stated were all true, and to render such judgment thereon as the law requires.

It follows that the judgment of the district court is erroneous and should be reversed and the cause remanded, with instructions to set aside the order dismissing the notice of contest, and to proceed further, and it is so ordered.

BRATTON and BOTTS, JJ., concur.